### THE ANNA E. MORSE.

### THOMSON v. UNITED STATES.

(District Court, S. D. Alabama. March 21, 1923.)

Admiralty ⊜⟳32—Libel in personam against government may be brought in district of libelant's residence or principal place of business.

Under Suits in Admiralty Act March 9, 1920, § 2, providing that in cases where, if such vessel were privately owned, a proceeding in admiralty could be maintained, a libel in personam may be brought against the United States in the district in which the parties or any of them reside or have their principal place of business in the United States, or in which the vessel or cargo is found, a libel in personam need not be brought against such vessel in the district where the

⊜⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

vessel is found, but may be brought in the district where libelant has his residence or principal place of business.

In Admiralty. Libel in personam by T. C. Thomson against the United States, as owner of the Anna E. Morse, to which exception was filed for failure to allege that the vessel was within the jurisdiction of the court. Exception overruled.

Pillans, Cowley & Gresham, of Mobile, Ala., for libelant.
Aubrey Boyles, U. S. Atty., of Mobile, Ala.

ERVIN, District Judge. The libel in this case was filed under the provisions of the Suits in Admiralty Act (41 Stat. 525), and sought to recover sums of money which it was claimed was paid out by libelant for the benefit of said vessel while she was loading in the port of Mobile, and which it was claimed created a lien upon such vessel. The libel was filed in the District Court of the Southern District of Alabama and alleges:

"The steamship Anna E. Morse, at the time of filing of this libel, was and is in the port of Seattle, Washington, a port of the United States."

Exception is filed to the libel, because it fails to allege that the vessel was within the jurisdiction of this court at the time of the filing of the libel. The question raised is one on which the lower courts have divided, and on which the Supreme Court has not yet directly ruled.

The cases in which the contradictory rulings have been entered will be found referred to in the case of Cunard Steamship Company v. United States, as Owner of the Steamship Isonomia, 285 Fed. 516, rendered by the Circuit Court of Appeals of the Second Circuit, where it is held that, where the libel is filed in the nature of an in rem proceeding, it can be maintained only where the vessel or cargo was within the jurisdiction of the court in which the libel was filed.

The question is one of construction of the provisions of the act. These provisions, so far as are necessary to be construed, are as follows:

"Sec. 2. That in *cases where* if such vessel were *privately owned* or operated, or if such cargo were privately owned and possessed, a *proceeding in admiralty* could be maintained at the time of the commencement of the action herein provided for, a *libel in personam* may be brought against the United States or against such corporation, as the case may be, provided that such vessel is employed as a merchant vessel or is a tug boat operated by such corporation. *Such suits* shall be brought in the District Court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found. * * * Upon application of either party the cause may, in the discretion of the court, be transferred to any other District Court of the United States." (Italics mine.)

The primary rule of construction is to ascertain the intention as expressed in the act and the purpose sought to be accomplished by such act, giving their ordinary meaning to the words used, unless other meanings are shown. The primary purpose of this act was to pro-

hibit the seizure of vessels or cargoes in which the government' had an interest, because such seizure would interfere with the operation of such vessels, or the movement of such cargoes, and it gives to claimants, in lieu of the right of seizure which was formerly had, the right to proceed in personam against the government and the corporations named in the act.

A careful reading of the act indicates that, while the primary purpose was to prohibit the seizure of the vessels and cargoes, Congress, when it gave the right to proceed in personam in lieu of the right of seizure, did not stop there, but also gave the right to proceed in personam against the government and such corporation, wherever such right would have existed against the owner had the vessel been privately owned. This intimation is found first in the words "a proceeding in admiralty may be maintained," etc., as found in the second section, instead of the words "a seizure in admiralty could be had," the words "proceeding in admiralty" being much broader than the word "seizure," and the words "a proceeding" certainly include a proceeding in personam as well as a proceeding in rem.

The fact that the right to proceed in personam against the government, where the right to proceed in personam against the owner of a vessel would have been had, had the vessel been privately owned, seems to be necessarily conceded by the following words found in the third section of the act:

"If the libelant so elects in his libel the suit may proceed in accordance with the principles of libels in rem wherever it shall appear that had the vessel or cargo been privately owned and possessed a libel in rem might have been maintained. Election so to proceed shall not preclude the libelant in any proper case from seeking relief in personam in the same suit."

Coming, now, to an analysis of the provisions of the act. The first section prohibits the seizure of vessels or cargoes owned by the United States or certain corporations, or in the possession of or operated by or for them. The second section gives a right to file a libel in personam against the United States or such corporation in cases where a proceeding in admiralty could be maintained, had such vessels or cargoes been privately owned and possessed. It then provides for cross-libels against the United States or such corporations, and provides for the transfer of such causes to any other District Court of the United States. The third section regulated the procedure. The rest of the act has no direct bearing on the question here presented.

Assuming that the words of the second section, "that in *cases where* if such vessel were privately owned or operated, or if such cargo were privately owned and possessed, *a proceeding* in admiralty could be maintained," include both a proceeding in rem and a proceeding in personam, or in other words give a right to proceed against the United States or such corporations in both kinds of libels in all cases where private owners or vessels would be liable. Still the words, *"such suits* shall be brought in the District Court of the United States for the district in which the parties so suing or any of them, reside or have their principal place of business in the United States, or in

which the vessel or cargo charged with liability is found," necessarily refer to *all* suits authorized by the act to be brought against either the United States or such corporation.

The words "such suits" cannot be held to differentiate between libels "proceeding in accordance with the principles of libels in rem," and those "seeking relief in personam," as referred to in the third section, when both may be joined in the same libel. The words "such suits" are words of inclusion, and embrace *all suits* authorized by the second section whether proceeding in rem or in personam. No distinction is made between these different classes of suits as to the place where they may be brought, and the practice to be followed in them must be determined by the provisions of the act where it undertakes to provide for these matters.

The general admiralty rights and rules cannot be looked to in determining these matters, where the act speaks on these subjects, but only in so far as the act is silent. It is well recognized that there is no right to sue the government, except where it has consented to be sued, and that, where an act gives this consent, parties take such consent subject to such rights, conditions, and regulations as may be found in the act. The provision of the act giving the right to sue the United States or such corporations *in cases* where private parties could have been sued gives the *right* to sue, while the later provision as to such suits fixes the place or venue of *such suits*.

There is nothing in the words "such suits shall be brought," etc., indicating that the place of bringing such suits depends in any manner on the right of a private person to bring such suit against a private person at such place, the words are broad and general, nor are they limited by any other parts of the act. If the words are given their ordinary meaning, it is immaterial whether the construction be broad or narrow. As the right to file a libel in personam was given, which in ordinary cases could only be filed where the defendant could be served, it was no doubt in recognition of the fact that the government could as readily be served in one district as another that the right of election was given in the first place to libelant to choose the place of filing the libel, so long as one of the parties resided or had its principal place of business or the vessel or cargo could be found there. They were providing for the most convenient place for filing the libel and the most convenient place for trying the cause so permitted to be filed.

This is shown by the concluding words of the second section providing for the transfer of the cause to any other District Court of the United States. This provision also tends to show that it was not intended to limit the jurisdiction of the District Courts to the court of the district in which the res may have been at the time of filing the libel. The rule is that, if the proceeding be in rem, the libel must be filed in the district where the res is, because the thing must be seized and held to respond to the judgment, and it cannot be seized if it be not in the district. Where the proceeding is in personam, it must be filed in the district where service can be had on the persons sought to be made responsible.

Now, as the United States can be served in every district, unquestionably, if the facts presented a case where a private owner would have been liable in personam, a libel could be filed in any district under the rules. This act, however, limits the filing of the libel in personam to the district of the residence or principal place of business of a party libelant, or one in which the vessel or cargo is found. To this extent, at least, the act gives no alternative venue in proceedings in personam as provided under the admiralty rules.

As no relief in rem is given by the act, but is expressly denied, together with the right of seizure, and as all relief is limited to that in personam, why should Congress limit the place of filing a libel, in the nature of an in rem proceeding, to the district where the res is found? Had the act stopped after permitting suit to be filed in personam, without providing for the place of such suit, I think the ruling in the Isonomia Case would have been correct.

For these reasons I feel constrained to decline to follow the opinion in the Isonomia Case, however much I respect the ability of the court rendering it. My conclusion is that, where the vessel is alleged to be at a place shown to be within the jurisdiction of the United States, the libel may be filed in any district in the United States where a party resides or has its principal place of business, or in which the vessel or cargo charged with liability is found. This is strictly in accordance with the opinion of the Supreme Court in Blamberg Bros. v. United States, 43 Sup. Ct. 179, 67 L. Ed. —— (Jan. 2, 1923), where the court says:

"All we hold here is that the District Court was right in construing the second section of the Suits in Admiralty Act not to authorize a suit in personam against the United States as a substitute for a libel in rem when the United States vessel is not in a port of the United States or of one of her possessions."

A decree will be entered, overruling the exception.